## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| TODD JEPSEN and TARA JEPSEN, | No. 24-CV-4022 CJW-MAR |
| Plaintiffs, | |
| vs. | **ORDER** |
| SECURA INSURANCE COMPANY, SECURA SUPREME INSURANCE COMPANY, and SECURA INSURANCE MUTUAL HOLDING COMPANY, | |
| Defendants. | |

_____

This matter is before the Court on defendant SECURA Insurance Company and SECURA Insurance Mutual Holding Company's Motion for Summary Judgment. (Doc. 24). Plaintiffs did not file a resistance.

For the following reasons, the Court finds that SECURA Insurance Company and SECURA Insurance Mutual Holding Company are entitled to summary judgment. Thus, their Motion for Summary Judgment is **granted**. (Doc. 24).

### I.    BACKGROUND AND UNDISPUTED FACTS[1]

Todd and Tara Jepsen ("plaintiffs") bring a cause of action for breach of an insurance contract. (Doc. 2, at 5). Plaintiffs allege that grain bins on their property were damaged. Plaintiffs further allege the damages should be covered under an insurance

---

[1] This motion is unresisted. Thus, the Court will accept the facts stated in defendants' motion as true to the extent they are supported by the record. Fed. R. Civ. P. 56(e)(2). The Court finds the undisputed facts here are supported by the record.

contract with SECURA Insurance Company ("SECURA Insurance"), SECURA Supreme Insurance Company ("SECURA Supreme"), and SECURA Insurance Mutual Holding Company ("SECURA Holding") (collectively "defendants"), but that defendants have wrongfully withheld payment on their claims. (Doc. 2, at 3–5).

Plaintiffs entered into Special Farmowners Protection Insurance Policy, No. FP 3348296 (the "Policy") with SECURA Supreme effective August 2, 2022, to August 2, 2023. (Doc. 24-3, at 2). On December 26th and 27th, 2022, plaintiffs allege two of their grain bins sustained damage. (*Id.*). Plaintiffs provided notice of the claim, but SECURA Supreme disclaimed coverage for plaintiffs' losses. (Doc. 24-3, at 2).

SECURA Insurance, SECURA Supreme, and SECURA Holding are separate entities that independently maintain books, records, corporate formalities, accounting systems, and tax ID numbers. (*Id.*, at 5). Neither SECURA Holding nor SECURA Insurance: (1) is a party to the Policy; (2) exercised control over SECURA Supreme's handling of claims like the December 2022 grain bin damage claim made by plaintiffs; (3) was involved in the investigation into or determination to disclaim coverage for the December 2022 grain bin damage claim made by plaintiffs; (4) was involved in the marketing, sale, underwriting, premium payment, or administration of the Policy; (5) controlled any aspect of SECURA Supreme's operation, planning, management, or provision of benefits, directly or indirectly, with respect to the Policy and plaintiffs' claim for policy benefits in connection with their December 2022 grain bin damage claim; or (6) exercised any control over human resources, training, or staffing as to the personnel who investigated or rendered a determination of coverage for plaintiffs' claim for policy benefits in connection with the damage to their December 2022 grain bins. (*Id.*, at 5–6).

Plaintiffs brought an action against defendants in the District Court of Crawford County, Iowa for Breach of Insurance Contract (Count I), Bad Faith (Count II), Joint Venture (Count III), Punitive Damages (Count IV), and Attorney's Fees (Count V).

2

Because they entered into the Policy solely with SECURA Supreme, plaintiffs base their claims against SECURA Insurance and SECURA Holding on a theory of joint liability. In Count III of their petition, plaintiffs assert that SECURA Insurance, SECURA Supreme, and SECURA Holding operated as a joint venture in issuing them Policy Number FP 3348296 (the "Policy"). (Doc. 2, at 3 & 9–11).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.'" *Doe v. Hagar*, 765 F.3d 855, 860 (8th Cir. 2014) (quoting *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011)).

The party moving for summary judgment bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings—and by depositions, affidavits, or other evidence—designate specific facts showing that there is a genuine issue for trial. *See Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005). "In order to create an issue for trial the nonmoving party must produce sufficient evidence to support a verdict in his favor based on more than speculation, conjecture, or fantasy." *Doe v. Dep't of Vet. Affairs*, 519 F.3d 456, 460 (8th Cir. 2008) (internal quotation omitted).

Under Local Rule 56, a party resisting a motion for summary judgment must file a resistance within 21 days after service of the motion. LR 56(b). "If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior

3

notice from the court." [2]  *Id.* at (c).  A nonmoving party's failure to resist a motion for summary judgment, however, does not compel the Court to grant the motion.  Instead, the court may "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).  Thus, the Court must still determine whether summary judgment is appropriate for the moving party.  *See id.*

### III.    DISCUSSION

SECURA Insurance and SECURA Holding move for summary judgment and request the Court find SECURA Insurance and SECURA Holding not liable to plaintiffs as a matter of law.  (Doc. 24).  According to SECURA Insurance and SECURA Holding, SECURA Supreme was the sole issuer of the Policy that serves as a basis for this lawsuit, they had no involvement with the Policy, and they have nothing to do with the claim giving rise to this lawsuit.  (Doc. 24-1, at 1).

In ruling on defendants' motion, the Court must determine whether there is any dispute relating to a fact whose veracity could cause a reasonable jury to decide that SECURA Insurance and SECURA Holding are liable.  Absent such a dispute, the Court must grant defendants' Motion for Summary Judgment.

### A.    *Breach of Insurance Contract and Bad Faith*

Plaintiffs allege breach of contract (Count I) and the related claim of bad faith (Count II).  SECURA Insurance and SECURA Holding move for summary judgment on these claims because they were not parties to the Policy.

---

[2] Local Rule 56 also states "If a party does not intend to resist a motion for summary judgment, the party is encouraged to file a statement indicating the motion will not be resisted." Here, the Court disapproves of plaintiffs' failure to file such a statement.

### 1. Breach of Contract

Under Iowa Law, a claim for breach of contract requires a party show: "(1) the existence of a contract; (2) the terms and conditions of the contract; (3) that it has performed all the terms and conditions required under the contract; (4) the defendant's breach of the contract in some particular way; and (5) that plaintiff has suffered damages as a result of the breach." *Iowa Mortg. Ctr. v. Baccam*, 841 N.W.2d 107, 111 (Iowa 2013).

Here, plaintiffs' claims against SECURA Insurance and SECURA Holding fail on the first element. It is undisputed that plaintiffs entered into the Policy only with SECURA Supreme, and not SECURA Insurance or SECURA Holding. There is no issue of material fact that SECURA Insurance and SECURA Holding are not liable for breach of contract because they did not form a contract with plaintiffs. Thus, SECURA Insurance and SECURA Holding are entitled to summary judgment on Count I of plaintiffs' complaint.

### 2. Bad Faith

SECURA Insurance and SECURA Holding are also entitled to summary judgment on Count II (bad faith) of plaintiffs' complaint because the tort of bad faith disclaimer of an insurance policy is premised upon a contractual relationship between the insurer and the insured. *See Bellville v. Farm Bureau Mut. Ins.*, 702 N.W.2d 468, 473 (Iowa 2005). A claim of bad faith requires the insured to prove: (1) that the insurer had "no reasonable basis for denying [their] claim . . . and (2) the [insurer] knew or had reason to know that its denial or refusal was without reasonable basis." *Id.*

Here, the nonexistence of a contractual relationship between SECURA Insurance, SECURA Holding, and plaintiffs, dictates that plaintiffs have no claim against SECURA Insurance and SECURA Holding for their bad faith claim. Even if plaintiffs could submit a claim to SECURA Insurance and SECURA Holding, they would be justified in denying

plaintiffs' claim on the basis that no insurance contract existed between them, and they owed no duty to plaintiffs. Thus, SECURA Insurance and SECURA Holding are entitled to summary judgment on Count II of plaintiffs' complaint.

### B. Joint Venture

In Count III, plaintiffs support their breach of contract action against SECURA Insurance and SECURA Holding by pleading conclusory allegations that the entities operated as a joint venture with SECURA Supreme. (Doc. 2, at 9–11). There is no genuine issue of material fact that defendants did not act as a joint venture, and the Court grants summary judgment in favor of SECURA Insurance and SECURA Holding on Count III of plaintiffs' complaint.

Under Iowa law, "[a] joint adventure is defined as an association of two or more persons to carry out a single business enterprise for profit; also as a common undertaking in which two or more combine their property, money, efforts, skill or knowledge." *Peoples Tr. & Sav. Bank v. Sec. Sav. Bank*, 815 N.W.2d 744, 756 (Iowa 2012) (quoting *Brewer v. Cent. Const. Co.*, 43 N.W.2d 131, 136 (Iowa 1950)). "As a rule, a joint adventure is characterized by a joint proprietary interest in the subject matter, a mutual right to control, a right to share in the profits and a duty to share the losses." *Brewer*, 43 N.W.2d at 136.

Here, defendants have provided a sworn declaration by Daniel P. Ferris, a Senior Vice President of SECURA Insurance and SECURA Supreme, and Secretary of SECURA Holding, attesting to the separateness of the three entities. (Doc. 24-4, at 31–33). It is undisputed that SECURA Insurance and SECURA Holding did not have any proprietary interest in the Policy, did not exercise any control over the Policy, and did not have a right to share in the profits nor a duty to share in the losses of the Policy. (*Id.*). Thus, the Court holds that no joint venture exists between defendants, and grants

summary judgment for SECURA Insurance and SECURA Holding and against plaintiffs on Count III of plaintiffs' complaint.

### C. Punitive Damages & Attorney's Fees

The Court has held that summary judgment is appropriate on each of plaintiffs' claims against SECURA Insurance and SECURA Holding. There are no remaining claims upon which the Court could grant punitive damages or attorney's fees against either SECURA Insurance or SECURA Holding. Thus, SECURA Insurance and SECURA Holding are entitled to summary judgment on Counts IV and V of plaintiffs' complaint.

### IV. CONCLUSION

For these reasons, the Court **grants** summary judgment as to all counts in favor of SECURA Insurance Company and SECURA Insurance Mutual Holding Company and against plaintiffs. (Doc. 24). SECURA Insurance Company and SECURA Insurance Mutual Holding Company are **dismissed** from this case. The Court also **grants** summary judgment in favor of SECURA Supreme Insurance Company and against plaintiffs on Count III (Joint Venture) of plaintiffs' complaint. Defendants concede, however, that plaintiffs named the correct party when they named SECURA Supreme in their complaint. Thus, this order does nothing to address plaintiffs' remaining claims against SECURA Supreme.

**IT IS SO ORDERED** this 21st day of March, 2025.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

7